## BRAUER *v.* UNITED STATES (No. 2697) [1]

CONSTRUCTION, PARAGRAPH 1108, TARIFF ACT OF 1922—WOOL CLOTH—EX-PRESSIO UNIUS—GRAMMAR—LEGISLATIVE HISTORY.

Paragraph 1108, Tariff Act of 1922, provides for woven fabrics, wholly or in chief value of wool, weighing not more than 4 ounces per square yard: (1) valued at not more than 80 cents per pound; (2) valued at more than 80 cents per pound; (3) with a warp wholly of cotton or other vegetable fiber, without regard to value. Under the rule of *expressio unius est exclusio alterius*, the provision that specific duty shall be taken on the wool content applies to the second clause only; and this is borne out by the application of grammatical rules to the paragraph, and by its legislative history. Woven fabrics in chief value of wool, having a cotton warp, weighing not more than 4 ounces per square yard, valued at more than 80 cents per pound, are dutiable under clause 3 according to the weight of the fabric, and not according to the weight of its wool content.

### United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 50245

[Affirmed.]

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Fred. J. Carter* and *John F. Kavanagh,* special attorneys, of counsel), for the United States.

[Oral argument March 19, 1926, by Mr. Isenschmid and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Two importations of woven cloth are involved in this case. Duty was assessed thereon by the collector under the proviso to paragraph 1108 of the Tariff Act of 1922 at 36 cents per pound on the weight of the entire fabric and in addition 50 per centum ad valorem. The importer protested, claiming the goods to be dutiable only upon the wool content thereof, under the same paragraph. On the hearing before the court below, all the facts were stipulated. From such stipulation it appears the goods imported are in chief value of wool and have a cotton warp; that the fabric weighs not over 4 ounces per

---

[1] T. D. 41577.

square yard; that the weight of the wool content constitutes 75 per centum of the weight of the entire fabric, and that the weight of the cotton constitutes the other 25 per centum. It is also shown by the entries and conceded in argument that the fabrics are valued at more than 80 cents per pound.

Paragraph 1108 is as follows:

1108. Woven fabrics, weighing not more than four ounces per square yard, wholly or in chief value of wool, valued at not more than 80 cents per pound, 37 cents per pound and 50 per centum ad valorem; valued at more than 80 cents per pound, 45 cents per pound upon the wool content thereof and 50 per centum ad valorem: *Provided,* That if the warp of any of the foregoing is wholly of cotton or other vegetable fiber, the duty shall be 36 cents per pound and 50 per centum ad valorem.

It is argued by the importer with much earnestness that the cloth imported, being valued at more than 80 cents per pound, and such woven fabrics being dutiable only upon their wool content, when the warp of such cloth is cotton, the duty rate should be taken from the proviso and applied only to the wool content of the fabric. On the other hand, the Government contends the duty should be assessed at the rate fixed by the proviso and applied to the entire weight of the fabric.

An analysis of paragraph 1108 shows that three classes of fabrics are provided for:

1. Woven fabrics, weighing not more than 4 ounces per square yard, wholly or in chief value of wool, valued at *not more than 80 cents per pound.*

2. Woven fabrics, weighing not more than 4 ounces per square yard, wholly or in chief value of wool, valued at *more than 80 cents per pound.*

3. Woven fabrics, weighing not more than 4 ounces per square yard, wholly or in chief value of wool, valued at *not more or more than 80 cents per pound,* with a warp of cotton or other vegetable fiber.

Different rates of duty are made applicable to each of these classes by the statute. It will be observed that in only one of these classes, the second, is it expressly provided that the duty shall be computed upon the wool content. Under a familiar rule, the inclusion of this particular language in respect to the class of fabrics designated must be construed as an express intent of Congress to exclude its operation from the other classes, where it is not so used, unless it is apparent from the context, from the legislative history of the act, or in some other way, that Congress intended otherwise. Here no such congressional intent is apparent, nor do we have the advantage which previous adjudications might give us in the construction of this paragraph; the paragraph is new and has not heretofore appeared in a tariff act. The statute must therefore be construed as it reads. Plainly, by the rules of grammatical construction and punctuation,

the language, "upon the wool content thereof," applies only to the second class of fabrics designated, namely, those which are valued at more than 80 cents per pound.

But it is said, inasmuch as the proviso recites that where the warp of "any of the foregoing" is of cotton, the duty rates fixed by the proviso must be held to refer only to the weight of the wool content when the cloth is valued at more than 80 cents per pound. The expression "any of the foregoing" must be held to refer, grammatically, to its antecedents, and these antecedents are: First, fabrics valued at not more than 80 cents per pound. Second, fabrics valued at more than 80 cents per pound. In other words, the subjects which the language "any of the foregoing" modifies are "woven fabrics," and not the rate of duty which such fabrics may bear. The language is plain and unambiguous and no other grammatical construction is possible.

It is said such a construction will lead to the imposition in some cases of higher duties on fabrics which were intended to be favored by Congress and that inequitable results will follow. This may be true; but this court is concerned only with the interpretation of the legislation which Congress has enacted; the results of such legislation are matters of legislative concern. While this court has at times considered the effect of a statute, it has only been as an aid to the interpretation of a statute which was ambiguous. Here, in our opinion, no such ambiguity exists.

The court below, in its opinion, relies upon *Morse Bros.* v. *United States*, T. D. 40554, 46 Treas. Dec. 521, where the court comes to the same conclusion herein announced. The court there calls attention to the fact that, as shown by the Congressional Record, page 10756, second session Sixty-seventh Congress, when the bill H. R. 7456, which afterwards became the Tariff Act of 1922, passed the House of Representatives, it did not include the words "upon the wool content thereof;" that when the bill was before the Senate an amendment was offered by the Senator from Wisconsin, Mr. Lenroot, from the floor, to insert said words in the first clause of paragraph 1108, which amendment was defeated; that thereupon said amendment was offered to the second clause and was adopted; that no such amendment was offered as to the proviso, although there was a colloquy upon the floor regarding such an amendment; that such amendment continued in the bill through all stages and became a part of the law, thus evincing a clearly defined congressional purpose to use the exact language which appears in the law, with the meaning announced herein.

We are of opinion the court below arrived at a correct conclusion, and its judgment is *affirmed.*